IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MR. JASON M. BURRELL** | : | CIVIL ACTION |
| *Plaintiff-Pro se* | : | |
| | : | NO. 17-0439 |
| v. | : | |
| | : | |
| **MR. GREEN**, *et al*. | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                  JUNE 21, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Presently before this Court are two *motions to dismiss* filed by Defendants Thorris Green ("Defendant Dr. Green"), David Byrne ("Defendant Byrne"), and John Swinder ("Defendant Swinder") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), in which they seek dismissal of the civil rights claims asserted against them pursuant to 42 U.S.C. §1983 by Plaintiff Jason M. Burrell ("Plaintiff"). [ECF 12 and 13]. Plaintiff has not responded to either motion, though the time for doing so has long passed. The issues raised in the motions to dismiss have been fully briefed by Defendants and are now ripe for disposition. For the reasons stated herein, Defendants' motions to dismiss are granted.

**BACKGROUND**

On January 30, 2017, Plaintiff, proceeding *pro se*, filed an application to proceed in this matter *in forma pauperis*, as well as a complaint in which he asserts civil rights claims under 42 U.S.C. §1983 against Defendants. [ECF 1, 4].[1] Specifically, Plaintiff alleges that his Eighth

---

[1] By Order dated February 8, 2017, this Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [ECF 3].

Amendment rights were violated and he was subjected to cruel and unusual punishment when Defendant Dr. Green "roughly" pulled three of his teeth, causing him severe pain, and later, refused to provide him dentures.

On March 31, 2017, and April 7, 2017, Defendants filed the underlying motions to dismiss in which they argue that Plaintiff has failed to allege facts sufficient to sustain his §1983 claims, in that, *inter alia*, he has not alleged facts sufficient to show the requisite deliberate indifference to a serious medical need. [ECF 12 and 13]. When ruling on Defendants' motions to dismiss, this Court must accept as true all relevant and pertinent factual allegations in the complaint and construe these facts in the light most favorable to Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Briefly, the salient allegations are as follows:

> Plaintiff is currently an inmate at SCI Graterford. Sometime between November 26, and December 1, 2016, Plaintiff was seen by Defendant Dr. Green at the George W. Hill Correctional Facility dental facility, after filling out a sick call request. Defendant Dr. Green informed Plaintiff that he needed to remove five (5) of Plaintiff's teeth. Plaintiff alleges that Defendant Dr. Green gave him two (2) shots of Novocain, and then began pulling the teeth "roughly." When Plaintiff complained, Defendant Dr. Green told him to stop moving. One of the teeth broke, leaving pieces in Plaintiff's mouth. Because of Plaintiff's complaints, Defendant Dr. Green removed only three (3) of the five (5) teeth that needed to be removed.
>
> Plaintiff "asked [Dr. Green] about dentures because" he could not eat the prison food that was "not cooked all the way." Defendant Dr. Green responded that "inmates aren't required dentures unless [they're] missing all their teeth." Plaintiff also alleges: "[Defendants] tr[i]ed to send me to an outside dentist last week, but I refused service because of this legal procedure being taken. I don't wanna hurt my chances of winning my case, so I refused their treatment until I can consult counsel."

**LEGAL STANDARD**

A court may grant a motion to dismiss an action under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-

pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted).

To determine the sufficiency of a complaint, "a court . . . must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *to wit*: a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth;" and (3) assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 675, 679). While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A court may determine that a complaint's factual allegations are plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'"

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (citations omitted). Reviewing the plausibility of the complaint is a "context-specific" inquiry and requires a court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

**DISCUSSION**

Plaintiff's complaint purports to assert civil rights claims under §1983 premised on Defendant Dr. Green's alleged "rough" extraction of three teeth and refusal to provide Plaintiff with dentures. Though Defendants do not dispute these facts at this procedural stage, they argue that Plaintiff has not alleged facts sufficient to establish that Defendants acted with the requisite "deliberate indifference" to a "serious medical need." This Court agrees.

To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C. §1983. The Eighth Amendment, the basis of Plaintiff's complaint, prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Under the Eighth Amendment, prison officials must provide basic medical treatment to prisoners. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In *Estelle*, the Court articulated the standard as follows:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

4

*Estelle*, 429 U.S. at 106. Thus, "[t]he question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

A plaintiff may meet the pleading burden by alleging facts to establish that the defendants intentionally denied or delayed medical care. *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires that a defendant "'knows of and disregards an excessive risk to an inmate's health or safety.'" *Dominguez v. Governor of Pa.*, 574 F. App'x 63, 65-66 (3d Cir. 2014) (quoting *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). Under this standard, however, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk." *Farmer,* 511 U.S. at 844.

### *Claims Against Defendant Dr. Green*

In his motion to dismiss, Defendant Dr. Green argues that Plaintiff has failed to allege facts sufficient to show that he deprived Plaintiff of treatment for a "serious medical need." As set forth above, to assert a viable Eighth Amendment claim against a medical provider, Plaintiff must plead facts sufficient to show, *inter alia*, that he has a "serious medical need." *Estelle*, 429 U.S. at 104. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Pace v. Fauyer*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981) (citing *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976)). A medical need may be deemed "serious" if the denial of treatment can be reasonably said to cause an "unnecessary and wanton infliction of pain" or result in "long-term

handicap or permanent loss." *Monmouth County Correctional Institutional Inmates v. Lanzano*, 834 F.2d 326, 347 (3d Cir. 1987).

Defendant Dr. Green also argues that Plaintiff has failed to allege facts that could show he acted with the requisite deliberate indifference. As set forth above, to assert a viable Eighth Amendment claim based on medical care, Plaintiff must allege facts sufficient to show that Defendant Dr. Green was "deliberately indifferent" to a serious medical need. *Estelle*, 429 U.S. at 106. Deliberate indifference requires a defendant to have a "sufficiently culpable state of mind" that exhibits a deliberate indifference to the prisoner's health and safety, such that there was an "unnecessary and wanton infliction of pain." *Farmer*, 511 U.S. at 834 (citations omitted). Further, deliberate indifference is a subjective standard that is met if the defendant "knows of and disregards an excessive risk to inmate safety or health." *Id.* at 837; *see also Hamilton v. Levy*, 117 F.3d 742, 747 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 747).

As noted, Plaintiff premises his Eighth Amendment claim against Defendant Dr. Green, *in part,* on the purported denial of his request for dentures following the removal of three of his teeth. Plaintiff was treated for his dental problems resulting in the extraction of three of the five teeth noted by Defendant Dr. Green as in need of extraction. As to the request for dentures, Plaintiff has not pled that he was diagnosed by a physician or dentist as needing dentures, nor has he pled that the denial of dentures would create some type of long term disability or permanent loss. At most, Plaintiff alleges that the denial of dentures has created discomfort and difficulty eating foods that have not been "cooked all the way." These allegations, without more, fail to meet the definition of a serious medical need for which Plaintiff was deprived treatment. Furthermore, Plaintiff's allegation that he has refused further treatment by an outside-the-prison

6

dentist/medical provider merely because he does not want to "hurt [his] chances of winning" his case, negates any contention that his dental issues are a sufficiently serious medical condition.

As to Plaintiff's contention that Defendant Dr. Green acted with deliberate indifference, it is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (holding that "mere disagreement as to the proper medical treatment" is insufficient to establish an Eighth Amendment violation). Prison medical authorities are "afford[ed] considerable latitude" in the diagnosis and treatment of the medical problems of inmate patients. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (citation omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

This case is similar, in many respects, to *James v. Pennsylvania Dep't of Corr.*, 230 F. App'x 195 (3d Cir. 2007). In *James*, an inmate at a Pennsylvania correctional institution brought a §1983 claim premised on the dental care he received for an abscessed tooth. *Id*. at 196. The plaintiff alleged that the prison dentist should not have extracted the abscessed tooth, but rather should have used an alternative method. *Id*. at 196. The dentist advised the plaintiff that antibiotics were not a viable alternative and that the only possible procedure to save the tooth would have been a root canal, but that such procedure was not permitted by Department of Corrections policy. *Id*. at 196-97. The Third Circuit Court of Appeals affirmed the dismissal of

7

the complaint and held that the prisoner plaintiff's "preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts." *Id*. at 197. The Third Circuit further held that the prisoner provided no further indication that the dentist's decision to extract the tooth "was based on an ulterior motive beyond routine patient care within the confines of the Department's Policies." *Id*. at 198 (citing *Spruill*, 372 F.3d at 237).

Here, like the plaintiff in *James*, Plaintiff has failed to allege facts which could reasonably establish Defendant Dr. Green's deliberate indifference. Plaintiff alleges only that Defendant Dr. Green "roughly" pulled three of his teeth after Plaintiff requested treatment and that Defendant Dr. Green denied his subsequent request for dentures because he did not meet a prison requirement. Plaintiff has not alleged, however, any facts from which a reasonable person could infer that Defendant Dr. Green acted with an ulterior motive beyond routine patient care within the confines of Department of Corrections policies.

Notably, Plaintiff does not allege a denial of treatment or any undue delay in providing treatment. To the contrary, his allegations show that he received timely care from Defendant Dr. Green after Plaintiff "filled out a sick call." After giving Plaintiff two shots of Novocain, Defendant Dr. Green proceeded to pull three of five teeth that he said needed to be pulled. Though Plaintiff alleges that Defendant Dr. Green performed the procedure "roughly" and that the procedure caused him extreme pain, he also alleges that Defendant Dr. Green ceased the procedure in response to Plaintiff's complaints. Although Plaintiff may have preferred a different course of treatment, or disagreed with the treatment provided, his preference and/or disagreement alone cannot establish deliberate indifference, as "such second-guessing is not the province of the courts." *James*, 230 F. App'x at 197 (citing *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *see also Bronson v. White*, 2007 WL 3033865, at *6

(M.D. Pa. Oct. 15, 2007) (granting defendant's motion for summary judgment and dismissing inmate's Eighth Amendment claim premised on defendant's refusal to provide inmate dentures following the extraction of several teeth). Under Plaintiff's own allegations, his dental complaints were addressed and treated by Defendant Dr. Green. Under these circumstances, a reasonable factfinder could not conclude that Defendant Dr. Green violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to a serious medical need or by failing to address a serious medical need – especially in light of Plaintiff's own alleged refusal of further treatment by an outside-the-prison dentist/medical provider. As such, Plaintiff's §1983 claims against Defendant Dr. Green are dismissed.[2]

### *Claims Against Defendants Byrne and Swinder*

In their motion to dismiss, Defendants Byrne and Swinder argue that the claims asserted against them should be dismissed because Plaintiff has failed to allege facts to support a finding that either of them was personally involved in the alleged inadequate medical care rendered.[3] This Court agrees.

It is well-settled that "a defendant must be personally involved in the alleged actions for liability to attach under section §1983." *Bonham v. Givens*, 197 F. App'x 148, 150 (3d Cir. 2006) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976)). An individual defendant cannot be

---

[2] Defendant Dr. Green also argues that Plaintiff's claims should be dismissed due to Plaintiff's failure to fully exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1996 (the "PLRA"), 42 U.S.C. §1997e(a), "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." In his complaint, Plaintiff asserts that he filed an appeal of the denial of his initial grievance through the prison's grievance procedure, but, as of the time he filed his complaint, had received "no word." Under these pled facts, it appears Plaintiff had not fully exhausted his administrative remedies prior to filing suit in federal court as required.

[3] In their motion to dismiss, counsel for Defendants Byrne and Swinder carelessly included the names of individuals not named in or in any way related to the allegations in the complaint and made arguments seemingly applicable to some other matter. This Court will limit its analysis to those issues and arguments relevant to the claims asserted against Defendants Byrne and Swinder.

liable predicated solely on the operation of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown by allegations of personal direction or of actual knowledge and acquiescence. *Id*. Such allegations, however, must be made with appropriate particularity in the complaint and must include the particulars of the conduct, time, place and person responsible. *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005); *Rode*, 845 F.2d at 1207-08. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A careful review of the allegations in the complaint confirms that, other than being named as defendants, there are no specific factual allegations that Defendants Byrne or Swinder had any personal involvement in the purported violations of Plaintiff's Eighth Amendment constitutional rights. At best, Plaintiff alleges in conclusory and threadbare fashion that Defendants collectively denied him adequate medical treatment. Plaintiff does not allege any specific fact indicating that either of these two Defendants personally participated in the alleged violations arising out of Plaintiff's medical care. Based upon the above-cited case law, such allegations are insufficient to satisfy the personal involvement requirement standard of *Rode*. As such, Plaintiff's claims against Defendants Byrne and Swinder fail as a matter of law.

### *Leave to Amend*

Although the Third Circuit has directed that a district court must ordinarily provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal under Rule 12(b)(6), *see Phillips*, 515 F.3d at 245 (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions, "unless such an amendment would be inequitable or futile."), it is this Court's view that any such attempt to amend the

complaint here would be legally futile. This Court has dismissed Plaintiff's civil rights claims against Defendants because, *inter alia*, the facts set forth in his complaint fail as a matter of law to establish a constitutional violation for purposes of §1983 liability under the requisite "deliberate indifference" standard. It is this Court's opinion, therefore, that any attempt to amend the complaint would be futile.

**CONCLUSION**

For the reasons stated herein, Defendants' motions to dismiss are granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.